IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TERAY JAJUAN BINGHAM, ) | |
| ) | |
| *Plaintiff*, ) | Civil No. 1:18-cv-395 |
| ) | |
| v. ) | Hon. Liam O'Grady |
| ) | |
| NATALEE ECOLA SANDRA BENT ) | |
| BINGHAM, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

This matter comes before the Court on Motions to Dismiss by Defendants Natalee Ecola Sandra Bent Bingham (Dkt. 3); Harvey Latney (Dkt. 7), Defendants the Honorable John E. Franklin and the Honorable Herbert M. Hewitt (Dkt. 10), and Defendants Barry Waldman and Kristie Kane (Dkt. 12). The Court has received Plaintiff's Oppositions (Dkt. 16; Dkt. 17; Dkt. 18; Dkt. 19) and two replies (Dkt. 20; Dkt. 22). The Court reviewed the pleadings and determined that oral argument would not assist its resolution of the matter. For the reasons explained below, the Defendants' motions are **GRANTED**.

### I. Background

On April 6, 2018, pro se Plaintiff Teray Jajuan Bingham filed suit against seven named Defendants, including his ex-wife (Ms. Bingham), his ex-wife's mother (Ms. Wilson), his ex-wife's counsel (Mr. Latney and Mr. Waldman), his child's guardian ad litem (Ms. Kane), and two state court judges (Judge Franklin and Judge Hewitt), based upon a custody award of Plaintiff's children to his ex-wife that was finalized in Virginia State Court in 2017. Plaintiff

alleged a general Fourteenth Amendment violation for "not allowing [him] to enjoy the sanctity of [his] parental rights." Compl. at ¶ 38. He also alleged two state tort law claims (misrepresentation and intentional infliction of emotional distress) associated with the underlying family law judgment in state court.

## II. Analysis

### a. *Rooker-Feldman* Doctrine

Plaintiff asks this Court to reexamine a final family law ruling by a state court. Such an exercise by this Court would controvert the *Rooker-Feldman* doctrine, which bars lower federal court review of state court judgments. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 F. App'x 278, 288-89 (4th Cir. 2013); *see also Skillings v. Knott*, 251 F. Supp. 3d 998, 1003 (E.D. Va. 2017). The doctrine bars losing parties "from seeking what in substance would be appellate review of state judgment in a United States district court, based on the losing party's claim that a state judgment itself violates the loser's federal rights." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005) (internal citations omitted).

### b. Judicial Immunity

Additionally, the state trial and appellate judges, Judge Franklin and Judge Hewitt, wield absolute judicial immunity from Plaintiff's claims under the Eleventh Amendment. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). This absolute immunity applies even when rulings "are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Accordingly, Plaintiff's claims against these parties are barred.

### c. Subject Matter Jurisdiction

Third, Plaintiff's Fourteenth Amendment claims against the remaining Defendants are invalid for want of federal subject matter jurisdiction. Plaintiff cannot establish federal question jurisdiction under 28 U.S.C. § 1331, as Fourteenth Amendment claims cannot be brought against private actors. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) ("Nothing in the language of the Due Process Clause itself requires the state to protect the life, liberty, and property of its citizens against invasion by private actors.").

Further, Plaintiff cannot properly establish diversity jurisdiction under 28 U.S.C. § 1332, as he has made no allegations regarding the domicile of the various parties and/or damages in excess of $75,000. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

    d.  State Law Claims

Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (misrepresentation and intentional infliction of emotional distress).

**III.  Conclusion**

For these reasons, and for good cause shown, Defendants' motions (Dkt. 3; Dkt. 7; Dkt. 10; Dkt. 12) are **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk is instructed to terminate the case.

It is **SO ORDERED**.

June 11, 2018  
Alexandria, Virginia

Liam O'Grady  
United States District Judge

3